UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

Vitali Feldman, on his own behalf
and on behalf of all others similarly situated,

    Plaintiffs,
v.                                            **CLASS ACTION COMPLAINT**

SANDALS RESORTS INTERNATIONAL,
LTD., d/b/a Sandals, UNIQUE VACATIONS,      **JURY DEMAND**
INC. d/b/a/ Unique Vacations,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Vitali Feldman, individually and on behalf of a putative class of others similarly situated, files this Class Action Complaint against Defendants, SANDALS RESORTS INTERNATIONAL LTD. d/b/a Sandals, and UNIQUE VACATIONS, INC. d/b/a/ Unique Vacations and/or Unique Travel, and for good cause alleges:

**NATURE OF THE ACTION**

1.    This Class Action lawsuit deals with the current and former guests at Sandals' resorts throughout the Caribbean, including, but not limited to: Turks and Caicos Islands, Antigua, Barbuda, and St. Lucia, who were charged a local government "tax" and/or deceived into paying such tax [in whole or in part] that was, in fact, being secretly retained by Defendants for their own use, benefit and profit, within the applicable limitations period.

1

## JURISDICTION AND PARTIES

2. Plaintiff Vitali Feldman is, and at all material times was, an individual who resides in and is a citizen of New Jersey. Feldman is over the age of 18 and is *sui juris*. Feldman, his wife and 2 minor children were charged and paid for an unfair, deceptive and fraudulent tax by Defendants during three separate stays at Sandals Resorts in 2017, 2018 and 2019.

3. Defendant SANDALS RESORTS INTERNATIONAL, LTD., d/b/a Sandals ("SRI") is a corporation incorporated under the laws of Jamaica but doing business in Florida and is otherwise subject to suit in Miami Dade County, Florida. SRI is the owner and operator of 19 resorts located throughout the Caribbean.

4. Defendant UNIQUE VACATIONS, INC. d/b/a/ Unique Vacations and/or Unique Travel ("Unique") is a Delaware corporation with its principal place of business in Miami, Florida. Defendant Unique is the sales, marketing and public relations arm of SRI.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because this is an action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different from any Defendant.

6. The matter in controversy exceeds the required amount, exclusive of interest and costs, and is a class action brought under this Honorable Court's jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

7. At all times material, SRI is subject to the personal jurisdiction of this court as follows:

   a. Defendants SRI and Unique do not manifest separate corporate interests of their own. Rather, these entities function solely to achieve the purpose of the dominant corporation SRI;

   b. At all times material hereto, Unique acted on behalf of SRI;

    c. At all times material hereto, Unique pays all or a majority of the salaries of the employees of SRI;

    d. At all times material hereto, SRI's revenue is derived entirely and/or substantially from their business with Unique;

    e. At all times material hereto, Unique and SRI share owner(s), managing direct(s), board of director(s), and/or employee(s);

        i. Chief Executive Officer of SRI, Gebhard Rainer, oversees the day-to-day activities of all Sandals and Beaches resorts from Unique's headquarters in Miami, Florida.[1]

        ii. Unique's Director of Operations & Revenue Strategy, William Tullman, "oversees operations, products and global revenue strategy for 20 luxury Caribbean resorts under the Sandals, Beaches and Grand Pineapple brands" from Unique's headquarters in Miami, Florida.[2]

    f. SRI, either personally or through Unique, operates, conducts, engages in and/or carries on a business or business venture in Florida based on:

        i. Its office or agency location in Florida, to-wit: Unique, whose address is 4950 SW 72 Avenue, Miami, FL 33155, which displays a Sandals' sign (Trademark owned by SRI; U.S. Trademark Registration No. 1614295) and Beaches sign (Trademark owned by SRI; Serial Number 78359633) for public view at that address (photograph depicted below), coordinates

---

[1] *See* Gebhard Rainer's Linkedin, (May 1, 2019), https://www.linkedin.com/in/gebhardrainer/.
[2] *See* William Tullman's Linkedin, (May 1, 2019), https://www.linkedin.com/in/william-tullmann-crme-c-dir-2a75b5100/.

all marketing and group sales for SRI, and lists as its telephone number (800) SANDALS at the above address in Miami, Florida;



ii. Marketing of vacation packages to Florida Travel agents through its world-wide marketing agent, Unique;

iii. The international, interactive booking website, *http://www.sandals.com*, which is accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by SRI and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(1)(a);

g. The all-inclusive vacation package, including the disputed subject tax, is marketed to people in Florida (and across the United States and worldwide) and sold to people in Florida (and across the United States and worldwide), including Plaintiff and other guests similarly situated, causing injury that arose out of SRI and/or Unique's deceptive and unfair trade practices;

h. SRI and Unique, are and were at all material times engaged in substantial and not isolated interstate activity in Florida, especially through SRI's website, *http://www.sandals.com,* which allows Florida, U.S. and worldwide persons to make reservations for hotels and resorts owned, operated, managed and/or

       controlled by SRI and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(2);

    i. SRI sells or leases tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms or corporations in Florida and, therefore, are conclusively presumed to be both engaged in substantial and not isolated activities in Florida and operating, conducting, engaging in, or carrying on a business or business venture in Florida pursuant to Fla. Stat. § 48.181(3);

    j. SRI has purposefully availed itself to the privileges and benefits of courts in Florida as it has repeatedly initiated claims in this district, *see Sandals Resorts International (LTD) v. Brais and Associates (PA)*, Case No. 2011-012041-CA-01 (Fla. Cir. 2012); *Sandals Resorts International 2000 Ltd. v. Smarter Travel Media LLC,* Case No. 1:12-cv-20581-JAL (S.D. Fla. Feb. 13, 2012), and defended claims within this district court without contesting personal jurisdiction. *See Hoy v. Sandals Resorts Intern., Ltd.*, Case No. 11–24580–CIV, 2013 WL 6385019 (S.D. Fla. Dec. 6, 2013); *Lugones v. Sandals Resorts, Inc.*, 875 F.Supp. 821 (S.D. Fla. 1995).

8. At all times material, Unique is subject to the personal jurisdiction of this court as follows:

    a. Unique, either personally or through its agents, operates, conducts, engages in and/or carries on a business or business venture in Florida based on:

        i. Its corporate headquarters are located in Florida at 4950 SW 72 Avenue, Miami, FL 33155;

ii. Coordinating all marketing and group sales for SRI and, in fact, coordinated all travel arrangements for Plaintiff and others similarly situated in the United States, and lists as its telephone number (800) SANDALS at the above address in Miami, Florida;

iii. The international, interactive booking website, *http://www.sandals.com*, which is accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by SRI and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(1)(a);

b. Unique sells or leases tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms or corporations in Florida and, therefore, are conclusively presumed to be both engaged in substantial and not isolated activities in Florida and operating, conducting, engaging in, or carrying on a business or business venture in Florida pursuant to Fla. Stat. § 48.181(3).

9. Alternatively, at all times material, Unique acted as the owner or co-owner, operator or co-operator and/or manager or co-manager of SRI's resorts, including, but not limited to, Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados by undertaking the responsibility of:

a. Hiring employees, contractors, and agents working at the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados;

b. Training of employees, contractors, and agents working at the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados;

  c. Supervision of employees working at the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados; and/or

  d. Overseeing the finances and billing of the Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados, including collecting and distributing the subject fraudulent tax.

10. Defendants SANDALS RESORTS INTERNATIONAL LTD. d/b/a Sandals, UNIQUE VACATIONS, INC. d/b/a/ Unique Vacations, are herein collectively referred as to "Sandals."

11. Defendants are subject to the jurisdiction of the Courts of this state.

12. The instant action has a substantial connection to Florida. The vacation packages which included the fraudulent and deceptive tax were created, marketed, viewed and sold in Florida and across the United States, and worldwide.

## COMMON ALLEGATIONS

13. At all times material hereto, Defendants were each agents, servants, employees and/or representatives of each other and acted within the course and scope of their employment and/or agency and/or acted for a common purpose or as part of a joint venture.

14. This Class Action lawsuit deals with all current and former guests at all Sandals' resorts, including but not limited to: Turks and Caicos Islands, St. Lucia, Antigua, and Barbuda who were charged a local government tax and/or deceived into paying such tax that in whole or in part was secretly retained by Sandals for their own use and benefit. This fraudulent deceptive practice has been ongoing for decades.

15. At all times material, it is represented to the public and Plaintiffs and others similarly situated that the 'all inclusive' packages include "all taxes." The way the charges were presented to the guests was described in a deceptive way by labeling the charge(s) as a local government

7

tax, when in fact Sandals was charging more money for the room.

16.     The term "tax" necessarily constitutes a representation to a reasonable consumer that it is a "pass-through" charge, imposed by the government, which Sandals will pay to the respective government.

17.     As an example, all guests of Beaches Turks & Caicos have been charged and paid a 12% accommodation tax. Unknown to Plaintiffs and others similarly situated is the existence of an agreement between Sandals and the Turks and Caicos government permitting Sandals to retain a significant percentage of such taxes for its own use and benefit instead of remitting the monies to the government. These tax charges are used to generate extra profit at the expense of Plaintiff and others similarly situated, who were deceived into believing the fees are legitimate charges directly related to Sandals' owed and paid taxes to the government. In fact, the fees are nothing but profit-enhancers disguised as taxes that have a legitimate purpose, constituting a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA").

18.     Additionally, Turks and Caicos law prohibits the accommodation tax being collected from anyone under 12-years-old. All guests under 12-years-old at the Beaches Turks & Caicos resort were fraudulently charged the 12% accommodation tax by Sandals, also thereby constituting a violation of FDUPTA.

19.     Furthermore, all guests of the Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados resorts were charged and paid a 12.5% sales tax by Sandals in every case before January 1, 2017. Unknown to Plaintiffs and others similarly situated is the existence of an agreement between Sandals and the Antigua and Barbuda government permitting Sandals to retain a significant percentage of such taxes for its own use and benefit instead of remitting the monies to the government. These deceptive charges are used to generate extra profit at the

expense of Plaintiff and others similarly situated, who are deceived into believing the fees are legitimate charges directly related to Sandals' taxes to the government. The deceptive taxes are nothing but profit-enhancers disguised as fees that have a legitimate purpose, constituting a violation of FDUPTA.

20. Sandals and the government of Antigua and Barbuda signed a Deed of Release and Settlement of Claim under which the government agreed to accept the payment of $1 East Caribbean Dollar ("EC") in full satisfaction of unpaid Antigua and Barbuda sales tax totaling EC$101,424,448.54 (US$37,500,000.00) up to December 31, 2016. Because the government stipulated to not collect the $37.5 million and Sandals retained such monies, Plaintiffs and other similarly situated are entitled to these monies as it relates to the taxes they were fraudulently and deceptively charged. These extra profits came the direct expense of Plaintiff and others similarly situated, constituting a violation of FDUPTA, and an actionable unjust enrichment claim.

21. Reliance and damages, while not necessary to the claims, are sufficiently shown by the fact that the guests parted with the money for what should have been a "tax" administered to the government, but Sandals retained a large percentage (if not all) of the money.

22. At all material times, Sandals markets that its resorts are an all-inclusive package to its customers, including taxes, but conceals that a portion of the taxes is retained by Sandals. Therefore, a reasonable consumer is/was misled into believing that the price paid for the all-inclusive resort package is comprised of 12-12.5% tax paid to the government, which Sandals deceptively collects a portion of such.

23. By bundling the fees, taxes, and other charges into the all-inclusive package, Sandals is able to conceal the fact that consumers were being vastly overcharged for the all-inclusive resort

package due to the agreement to retain a large portion of the taxes.

24.   In short, Sandals has, through fraud, deception, omission and/or concealment, engaged in a pattern of unlawful profiteering, deceit, and self-dealing with regard to charging a local government tax and retaining a large percentage of such. To this precise point, the Third District Court of Appeal of Florida expressly stated that facts nearly identical would amount to an actionable claim under FDUTPA:

> Suppose that a company systematically overcharges its customers on sales tax. The hypothetical company pays the state the sales tax that it owes, and then keeps the overcharge for itself. **We would not hesitate to say that an intentional overcharge of sales tax, which is kept by the company itself, is an unfair and deceptive trade practice and that the consumer must be repaid**. That is so even though the consumers clearly were willing to pay the price charged-in the hypothetical example, they actually paid the sales tax overcharges-nor would it make a difference that the consumers paid no attention to the sales tax amount. We think such a claim would be actionable under FDUTPA.

*See Latman v. Costa Cruise Lines, N.V.*, 758 So.2d 699, 703 (Fla. 3d DCA 2000)(holding that where the defendant bills plaintiffs for port charges but keeps part of the money for itself, that is a deceptive practice under FDUTPA).  Emphasis added.

## CLASS ACTION ALLEGATIONS

### A. Class Definitions

25.   At all times material hereto, the Class Representative and Class Members were paying guests at Sandals' resorts.

26.   This action is brought by Plaintiff on his own behalf, and on behalf of all others similarly situated, under the provisions of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

27.   Plaintiff brings this action as a class action and proposes the following two classes, as defined below:

28.   **The FDUTPA Class:** *All current and former guests who, within the applicable*

*limitations period, were fraudulently and/or deceptively charged a local government "tax" on their bills after staying at a Sandals or Beaches Resort, which was retained, in whole or in part, by Sandals.*

29.     **The Unjust Enrichment Class:** *All current and former guests who, within the applicable limitations period, paid Sandals a local government "tax" that was retained in whole or in part by Sandals.*

30.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before or after the Court determines whether such certification is appropriate.

31.     Sandals subjected Plaintiff and the members of the Class to the same unjust, fraudulent and deceptive practices and harmed them in the same manner. The conduct described above was Sandals' uniform business practice at all of its resorts, including but not limited to, Beaches Turks & Caicos, Sandals Grande Antigua, Sandals Barbados, and Sandals Royal Barbados.

###    B. Numerosity

32.     The exact number of members of the class is unknown at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Sandals and their agents. Upon information and belief, the number of members for the putative class exceeds 10,000 members.  The class is so numerous that joinder of all members is impracticable. This action satisfies the requirements of Rule 23(a)(1).

###    C. Commonality/Predominance

33.     There are common questions of law and fact that relate to and effect the rights of each member of the class and the relief sought is common to the entire class. The same misconduct on the part of Sandals caused the same or similar injury to each class member.  All class members seek damages under Florida Deceptive and Unfair Trade Practices Act (FDUTPA), codified at

11

Section 501.204 of the Florida Statutes, and under unjust enrichment. Accordingly, this action satisfies the requirement of Rule 23(a)(2).

34. These common questions predominate over any questions solely affecting individual Class members, including, but not limited to, the following:

  a. Whether Sandals engaged in a deceptive and unfair business practice by concealing and/or omitting disclosure of its agreement with the local government to retain a large percentage of the tax it charges all customers;

  b. Whether Sandals deceptively retained a portion of the charged governmental tax on every customer's bill;

  c. Whether and to what extent Sandals' conduct has caused injury to the Plaintiff and the other members of the Class;

  d. Whether Sandals has misrepresented facts about the local government tax;

  e. Whether Sandals has been unjustly enriched by charging the local government tax and retaining a portion of such.

### D. Typicality

35. Plaintiff is a member of the Class he seeks to represent. Plaintiff's claim is typical of the respective Class claims because of the similarity, uniformity, and common purpose of Sandals' challenged misconduct. Each class member has sustained, and will continue to sustain, damages in the same manner as Plaintiff as a result of Sandals' challenged practices. Accordingly, this action satisfies the requirements of Rule 23(a)(3).

### E. Adequacy of Representation

36. Plaintiff is the representative party for the class, and is able to, and will, fairly and adequately protect the interests of the class. There is no conflict between Plaintiff and other

members of the class with respect to this action, or with respect to the claims for relief herein. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, highly experienced in litigation of this nature, to represent him. Two of the attorneys designated as counsel for Plaintiff, Jason R. Margulies and Michael A. Winkleman, will actively conduct and be responsible for Plaintiff's case herein. Plaintiff anticipates no difficulty in the management of this litigation as a Class action. Accordingly, this action satisfies the requirement of Rule 23(a)(4).

### F. Requirements of Fed. R. Civ. P. 23(b)

37. This action is properly maintained as a class action under Rule 23(b)(3) inasmuch as questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  In support of the foregoing, Plaintiff alleges that common issues predominate and can be determined on a class-wide basis regarding Sandals' unfair, unlawful, and deceptive practice of retaining a large percentage of a government labeled tax in every former customer's bill.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it is unlikely that individual plaintiffs would assume the burden and the cost of this complex litigation, and Plaintiff is not aware of any class members who are interested in individually controlling the prosecution of a separate action. The interests of justice will be served by resolving the common disputes of the class members with Sandals in a single forum, and individual actions by class members, many of whom are citizens of different states would not be cost effective.

39. Prosecuting separate actions by or against individual Class members would create a risk

of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.

40. Sandals acted, or failed to act, in a manner applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief regarding the entire Class.

## COUNT I

## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through forty (40) as though alleged originally herein and further alleges:

41. This Count is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

42. FDUTPA, section 501.201, *et seq.*, Florida Statutes, prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

43. At all times material, Sandals conducted trade and commerce within the meaning of Section 501.203, Fla. Stat.

44. At all times material, Plaintiffs and all members of the Class were consumers within the meaning of Section 501.203, Fla. Stat., and are entitled to relief under FDUTPA in accordance with Section 501.211, Fla. Stat.

45. Defendants are not a bank or savings and loan association regulated by the Florida Office of Financial Regulation of the Financial Services Commission. Further, Defendant is not a bank or savings and loan association regulated by federal agencies.

46. At all times material, Sandals fraudulently, willfully, and/or negligently misrepresented in their bills to their guests that a local government tax charged to each guest was paid in full,

14

when in fact, Defendants secretly retained a large portion of said tax.

47. At all times material, Sandals fraudulently, willfully, and/or negligently misrepresented that a tax was appropriate to guests that are 12-years-old and younger when, in fact, such practice is prohibited pursuant to Turks and Caicos Islands law.

48. At all times material hereto, the above actions by Sandals are unethical, oppressive, unscrupulous, substantially injurious to consumers, and offends public policy such that it constitutes an unfair method of practice. The above actions by Sandals are also deceptive in that consumers acting reasonably under the circumstances (like the Plaintiff) would be misled to their detriment as a result of Sandals representing that the charged local government tax was distributed to the government accordingly, and omitting that a large percentage was retained by Sandals as a profit-enhancer disguised as a tax that has a legitimate purpose.

49. At all times material, Sandals engaged in actionable schemes and courses of conduct through one or more of the unfair and deceptive acts and practices:

   a. Failing to adequately disclose to Plaintiffs and others similarly situated the excessive amount Sandals charges for taxes;

   b. Representing that the charged percentage tax is paid to the local government when in fact a large percentage of the tax is retained as a profit enhancer;

   c. Failing to adequately disclose agreements between Sandals and the local governments, including but not limited to: Turks and Caicos, Antigua and Barbuda, that permits Sandals to retain a large percentage of the collected tax amount from guests.

50. The concealment and omissions of material facts and deceptions alleged in the foregoing paragraphs occurred in connection with Sandals' continuous and systematic trade and commerce

in Florida, across the United States and worldwide.

51. Plaintiffs and the other members of the Class have sustained actual damages in the form of Sandals' deceptive tax scheme as a direct and proximate result of Sandals' unfair and unconscionable practices. Section 501.211(2), Florida Statutes, provides Plaintiff and the other members of the Class a private right of action against Sandals and entitles them to recover their actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, demand judgment against Sandals for compensatory damages, pre- and post-judgment interest, attorney's fees, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT II

### UNJUST ENRICHMENT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through forty (40) as though alleged originally herein and further alleges:

52. Sandals received certain monies from Plaintiff and others similarly situated as a result of its uniform charging of a local government tax that was surreptitiously retained in whole or in part by Sandals.

53. The benefits conferred on Sandals by Plaintiff and others similarly situated was non-gratuitous, and Sandals had knowledge of these benefits and voluntarily retained these benefits.

54. Sandals will be unjustly enriched if Sandals is allowed to retain such funds, and Plaintiff and others similarly situated are entitled to the return of an amount equal to the amount they enriched Sandals.

WHEREFORE, Plaintiff, on behalf of himself and the Class, demand judgment against Sandals for the amounts equal to the amount Plaintiff and others similarly situated paid Sandals

for the local government tax, and such other relief as this Court deems just and proper.

**Dated: May 21, 2019**

        LIPCON, MARGULIES,
        ALSINA & WINKLEMAN, P.A.
        *Attorneys for Plaintiffs*
        One Biscayne Tower, Suite 1776
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone No.: (305) 373-3016
        Facsimile No.: (305) 373-6204

By    */s/ Michael Winkleman*
        **MICHAEL A. WINKLEMAN**
        Florida Bar No. 36719
        mwinkleman@lipcon.com
        **JASON R. MARGULIES**
        Florida Bar No. 57916
        jmargulies@lipcon.com
        **MARC E. WEINER**
        Florida Bar No. 91699
        mweiner@lipcon.com
        **DANIEL W. GRAMMES**
        Florida Bar No. 1010507
        dgrammes@lipcon.com